**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

MARVIN WATSON,                  :
                                : Civil No. 04-962 (JAP)
          Plaintiff,            :
                                :
     v.                         :
                                :       **O P I N I O N**
JOHN DOE, et al.,               :
                                :
          Defendants.           :
_____  :

**APPEARANCES:**

    MARVIN WATSON, Plaintiff, <u>pro se</u>
    # 21794-057
    U.S.P. Allenwood
    P.O. Box 3000
    White Deer, Pennsylvania 08314

**PISANO**, District Judge

    Plaintiff, Marvin Watson ("Watson"), confined at the U.S.P. Allenwood in White Deer, Pennsylvania, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent. Therefore, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed as time-barred.

### I.  BACKGROUND

Watson brings this civil rights action under 42 U.S.C. § 1983 against New Jersey State Trooper John Doe of the New Jersey State Police, and against the State of New Jersey and the New Jersey State Police. (Complaint, Caption).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

On or about October 18, 1995, plaintiff alleges that the vehicle in which he was a passenger was stopped and searched by Trooper Doe for no apparent reason other than the fact that the occupants of the vehicle were Black.  As a result of this allegedly unlawful stop and search, Watson was arrested and convicted.  The conviction was reversed and vacated by a New Jersey court on March 11, 1999.

Watson seeks damages in the amount of $250,000.00.

### II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is

required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action <u>in forma pauperis</u> unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that Watson has incurred any strikes to date under 28 U.S.C. § 1915(g).

### III. **SECTION 1983 LIABILITY**

Watson brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Watson names the New Jersey State Police and the State of New Jersey as defendants.  However, the Eleventh Amendment[2]

---

[2] The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."
As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).

4

protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983). Thus, all damages claims asserted by Watson against the State of New Jersey and the New Jersey State Police must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV. ANALYSIS

As to the remaining defendant, State Trooper John Doe, the Court construes the allegations of the Complaint most liberally for the pro se plaintiff, and finds that the Complaint alleges a

claim of racial profiling and false arrest in violation of the Fourth and Fourteenth Amendments. However, the Complaint is time-barred and will be dismissed.

A.   Racial Profiling/Selective Enforcement

To state a racial profiling claim based on selective enforcement of motor vehicle laws which violate the equal protection clause of the Fourteenth Amendment, plaintiffs must allege that (1) they are members of a protected class and that similarly situated suspects of an unprotected class were treated dissimilarly, *i.e.*, violated the law and were not arrested; and (2) the officer's decision to arrest was based at least partially on racial animus. See White v. Williams, 179 F. Supp.2d 405, 418 n.5 (D.N.J. 2002)(*citing* United States v. Armstrong, 517 U.S. 456, 465 (1996)); see also Carrasca v. Pomeroy, 313 F.3d 828, 834 (3d Cir. 2002)(to prevail on racial profiling claim, plaintiffs must show "that the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose"); Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002); Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

Here, Watson alleges that he and the other occupants in his vehicle were targeted for an unlawful stop on the basis of their race. However, he does not assert any factual allegations to show the existence of a profile account or summary of traffic

6

stops made by the New Jersey State Police or State Trooper John Doe during the relevant period.  Nor does Watson allege any facts to show that Trooper Doe did not stop cars with white drivers or occupants operating in the same area over the same time period.  Nevertheless, the Complaint suggests that Watson's conviction was reversed based on illegal racial profiling.

Thus, reading the Complaint in a light most favorable to plaintiff on this sua sponte screening, it would appear that Watson might be able to support a claim of racial profiling, if the claim was not time-barred, as discussed infra.

B.  False Arrest, False Imprisonment and Unlawful Search Claims

Watson also claims that he was falsely arrested based on the illegal racial profiling that led to the search of the vehicle in which he was a passenger.  The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."  A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."  Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).  To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."

United States v. Place, 462 U.S. 696, 703 (1983), quoted in Tennessee v. Garner, 471 U.S. 1, 8 (1985) and Graham v. Connor, 490 U.S. 386, 396 (1989).

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require

that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). See also Anela v. City of Wildwood, 595 F. Supp. 511, 512 (D.N.J. 1984)(holding a person for any length of time without legal justification may be a violation of the right to liberty under the Fourteenth Amendment and thus states a claim of false imprisonment under § 1983).[3] A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See

---

[3] While "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law[,]" Baker v. McCollan, 443 U.S. 137, 142 (1979), the claim is derivative of a Fourth Amendment violation for arrest without probable cause. See Groman, 47 F.3d at 636.

9

Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).[4]

Here, it appears that probable cause for Watson's arrest and imprisonment was lacking because the conviction was reversed and vacated based on a finding of racial profiling. However, even though it appears that Watson may be able to state a claim for both racial profiling and false arrest, this action is nonetheless time-barred and must be dismissed.

C. The Complaint is Untimely

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.

---

[4] Here, Watson's arrest occurred on October 18, 1995; thus, the § 1983 claim for false arrest would have accrued on that date. Watson submitted this action for filing in the district court on or before March 1, 2004, which would make it untimely. However, because the conviction was ultimately reversed based on racial profiling, which essentially finds the arrest to be without probable cause, Watson may be able to argue that his claim did not accrue until his conviction was overturned.

10

1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 12 Fed. Appx. 855 (10th Cir. 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.) (same); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (same).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. STAT. ANN. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

Here, the statute of limitations began to run, at the latest, when Watson's criminal conviction was reversed and vacated on March 11, 1999.[5]  See Sameric Corp. of Delaware v.

---

[5]  As stated above, a § 1983 claim for false arrest and imprisonment typically accrues on the date of the plaintiff's arrest.  See Montgomery, 159 F.3d at 126; Rose, 871 F.2d at 348-51.  In this case, Watson's arrest occurred on October 18, 1995, but his conviction, which resulted from an unlawful arrest based on racial profiling, was not reversed until March 11, 1999.

11

City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (a section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based).  The Complaint was received by the Court on or about March 1, 2004, and appears to have been dated by plaintiff on December 29, 2003, more than four years after Watson's claim accrued, and more than two years after the statute of limitations had expired; therefore, any potential § 1983 claim based on this event is time-barred.

    Moreover, Watson has not asserted facts suggesting any basis for statutory tolling.  See, e.g., N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31 (N.J. Super. App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where

12

it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, the Complaint alleges no extraordinary circumstances that would permit equitable tolling under either New Jersey or federal law. There are no allegations that Watson was unaware of his rights in 1999, nor are there any allegations that defendants prevented Watson in any way from timely filing his Complaint until more than four years after his claim had accrued. Therefore, because it is clear on the face of the Complaint that Watson's racial profiling and false arrest claims are time-barred, and no extraordinary circumstances are alleged to warrant equitable tolling, the claim will be dismissed with prejudice as untimely.

## V. **CONCLUSION**

For the reasons stated above, the Complaint will be dismissed in its entirety as time-barred.  An appropriate Order follows.

<pre>
                                    s/ Joel A. Pisano
                                    JOEL A. PISANO
                                    United States District Judge
DATED: May 10, 2005
</pre>